## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERTO DIAS,
    *Plaintiff*,

    v.                                      No. 3:23-cv-00434 (JAM)

HOME DEPOT USA INC. *et al.*,
    *Defendants*.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Roberto Dias was injured at a Home Depot store in Stamford, Connecticut while he and a Home Depot store employee were loading large planks of lumber into the back of Dias's van. He has filed this federal diversity lawsuit against Home Depot and the manager of the Home Depot store, claiming that their negligence caused his injury. The defendants have moved for summary judgment. For the reasons set forth below, I will deny their motion.

### BACKGROUND

I draw the following facts from the parties' respective submissions.[1] On October 13, 2021, Dias purchased more than two dozen 10-foot-long boards of decking wood, and two Home Depot employees set out to assist Dias to have the wood loaded into his van in a Home Depot-owned area outside the store.[2]

---

[1] Rule 56 of the District of Connecticut's Local Rules of Civil Procedure governs what a court may accept as factual allegations for purposes of a summary judgment motion. In essence, the party who moves for summary judgment must submit a separate factual statement in the form prescribed under Local Rule 56(a)(1), and the non-moving party must then file an opposing statement in the form prescribed under Local Rule 56(a)(2). D. Conn. L. Civ. R. 56(a)(1)-(2). Each asserted fact in a moving party's statement must be "supported by the evidence" and, if supported by evidence, "will be deemed admitted ... unless such fact is controverted by" the opposing party's statement. *See* D. Conn. L. Civ. R. 56(a)(1); *see also* Fed. R. Civ. P. 56(c). Neither party has fully complied with the rules here. The defendants failed to submit a separate document with a statement of material facts as required by Local Rule 56(a)(1), and Dias also initially failed to submit a proper response as required by Local Rule 56(a)(2) before later filing a responsive fact statement. "A district court has broad discretion to determine whether to overlook a party's failure to follow local rules." *Chimney v. Quiros*, 2023 WL 2043290, at *3 (D. Conn. 2023). Furthermore, "[a] local rule imposing a requirement of form must not be enforce in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Here, notwithstanding the parties' failure to follow the rules, I can discern the relevant facts and disputes from the parties' respective submissions.
[2] Doc. #36-1 at 2 (¶¶ 2-8).

Video from a Home Depot security camera shows that the wood was loaded onto a forklift and that one of the store employees (Charles David) drove the forklift out of the loading bay and parked it behind Dias's van.[3] The wood was stacked in several parallel rows or piles on the tines of the forklift, and the forklift was parked perpendicular to the van so that the piles of wood were positioned directly and lengthwise behind the van's open back in a position to be lifted and slid into the back of the van.[4]

While David remained inside the forklift, another Home Depot employee (Dwight Ivy) began unloading the boards into the van. Ivy did so while standing on the passenger-side of the van and in a position where the boards could not easily fall toward him because they would have fallen against the back of the main body of the parked forklift.

Dias then joined Ivy to unload the wood from the forklift into the van. But Dias was positioned on the other side of the rows of wood from Ivy and on the driver-side of the van. The wood on his side was stacked at the end of the forklift's tines and apparently without anything to secure or prevent the wood from falling off toward him.

The video shows that after Dias had transferred two of the long boards into the van, the row of wood closest to him briefly tipped up and then back down again.[5] But as Dias touched the wood to attempt to unload another board, the rest of the boards in the row next to him suddenly fell toward him and struck his leg.[6]

Neither party disputes the accuracy of the video footage.[7] Yet its visuals are grainy, and there is no audio to capture what was said or not said during the loading process.[8]

---

[3] *Id.* at 3 (¶ 9) (citing Exs. 5, 6); Ex. G (video).
[4] *Id.* at 3 (¶ 10); see also *id.* at 2 (¶ 2).
[5] *Id.* at 3 (¶¶ 14-15).
[6] *Id.* at 4 (¶ ¶ 17, 20).
[7] Doc. #61 at 4 (¶ 9); Exs. 5-6.
[8] *See Id.* at 3-4 (¶¶ 7-8 response).

According to the defendants, Dias decided on his own initiative to help load the lumber into his van.[9] But Dias insists that one of the employees asked him to help unload the lumber.[10] He further claims that "on prior occasions, Home Depot and its employees would keep the loading area clear, and customers would typically not be allowed to enter the area."[11]

Dias claims that the incident and his resulting injuries were caused by the defendants' negligence. The defendants have moved for summary judgment, arguing that they did not breach any duty of care to Dias and that Dias's own negligence caused his injuries.[12]

## DISCUSSION

The principles governing review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing whether there is a genuine issue of material fact for trial, a court must view the evidence in the light most favorable to the opposing party and draw all reasonable evidentiary inferences in that party's favor. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 374 (2d Cir. 2024). A "judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

---

[9] *Id.* at 3 (¶¶ 7-8).

[10] *Id.* at 3-4 (¶¶ 7-8 response); *id.* at 7 (¶ 6); Doc. #49-1 at 10 (Dias's deposition testimony that "I did not volunteer to help. They asked me to help."); *id.* at 12 (Dias's deposition testimony that "I did not ask them to help. They asked me to help.").

[11] Doc. #61 at 7 (¶ 4); Doc. #49-1 at 14 (Dias's deposition testimony that on prior visits to Home Depot "they asked us normally to move away" and "they put a fence around that area"); *but see* Doc. #36-9 at 4 (Dias's answer to interrogatory stating: "I regularly go to Home Depot, on a weekly basis. Whenever I am there I help the Home Depot employees. They appreciate the help. They never ask me to not help.").

[12] *See* Doc. #36 at 1. The defendants argue by way of a cursory claim in a footnote that the evidence does not establish Brandi's personal involvement. Doc. #36-1 at 6 n.3. But a footnote argument is not enough to preserve a ground for the grant of summary judgment. *See Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 446 n.3 (2d Cir. 2006). Accordingly, there is no cause at this time to consider whether the evidence is sufficient to warrant a trial against Brandi as well as Home Depot.

*Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (*per curiam*).[13]

 "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *Doran v. Glaxosmithkline PLC*, 607 F. Supp. 3d 192, 205 (D. Conn. 2022) (quoting *Mirjavadi v. Vakilzadeh*, 310 Conn. 176, 191 (2013)). Two of these four elements are not contested for purposes of this motion. First, the defendants owed a duty of care. Dias was a business invitee on the defendants' premises, and therefore the defendants owed him a duty to keep their premises in a "reasonably safe condition." *DiPietro v. Farmington Sports Arena*, LLC, 306 Conn. 107, 116 (2012). Nor do the defendants dispute for purposes of their motion that Dias was injured. On the other hand, the defendants dispute that they breached their duty of care and that any breach of their duty of care caused Dias's injury.

Connecticut courts have previously addressed the duties of store owners in the context of claims by customers that they were injured by store merchandise that fell upon them. *See Caraballo v. Home Depot U.S.A., Inc.*, 2024 WL 2882611, at \*9 (D. Conn. 2024) (citing cases). For example, in *Meek v. Wal-Mart Stores, Inc.*, 72 Conn. App. 467 (2002), the Connecticut Appellate Court addressed a negligence claim by a Wal-Mart customer who was injured in a store aisle after two boxes of merchandise fell on him while he was bending down to return another store item that he had just examined on a lower shelf. *Id.* at 469.

The court in *Meek* made clear that a retail business breaches its duty of care to its customers or other business invitees if it stacks heavy objects in an unsafe manner "such that injury to customers is foreseeable." *Id.* at 476; *see also DiPietro*, 306 Conn. at 124 (noting that a business owner may be liable to a customer for "affirmative acts" of hazards created by the

---

[13] Unless otherwise noted and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.

business if the owner "knew or should have known of the dangerous condition because it was a foreseeably hazardous one that the defendant itself created").

Whether items have been stacked unsafely "is for the fact finder to determine and is to be answered by considering all of the surrounding circumstances." *Meek*, 72 Conn. App. at 476. The fact finder "may consider the method of stacking, the presence or absence of lateral support, and the stacked item's dimensions and center of gravity." *Ibid.*

Moreover, "[s]torekeepers may have a special obligation in regard to the storing and stacking of large, cumbersome, or unstable items which are likely to fall and injure customers." *Ibid.* For the stacking of such heavy or large items, it may be reasonably foreseeable to a storekeeper that the objects of their own accord may shift and fall or that a customer or some third party will touch or exert some incidental force on the objects that will cause them to fall. "A storekeeper who balances merchandise on display in a precarious manner (or allows another to so arrange a display) should anticipate that slight force, not sufficient ordinarily to suggest to the actor who does not know of the peril that injury will result, may be sufficient to cause injury, and the storekeeper is not relieved of the consequences of this negligence by an intervening act which he should have anticipated." *Id.* at 477.

Viewing the evidence in the light most favorable to Dias, I first conclude that there is a genuine issue of fact to show that the defendants breached their duty to Dias to maintain the Home Depot premises in a reasonably safe condition for Dias. The record shows that Home Depot employees stacked several rows of large and heavy wooden boards at the end of the tines of a forklift and in a manner that was unsecured and with the potential to fall to the ground if disturbed. The record further shows that Dias was asked by one of the Home Depot employees to help load the boards from the forklift into the van and that Dias began to unload the boards on

the side of the forklift where the boards were unsecured and were in a position to fall towards him. Considering all the circumstances, a reasonable jury could conclude that allowing Dias to unload the boards on the one side of the forklift where the heavy boards were unsecured and perched in a precarious position to fall toward Dias created a reasonably foreseeable unsafe condition.

Again viewing the evidence in the light most favorable to Dias, I further conclude that there is a genuine issue of fact to show that the defendants' breach of their duty of care caused Dias to be injured. A reasonable jury could find from reviewing the video that the wood fell suddenly toward Dias and without him having done anything that a reasonable person would expect to trigger a collapse of the pile. A reasonable jury could conclude that it was the defendants' preceding conduct in the manner of how they stacked the boards and how they permitted Dias to place himself into a position where the boards could fall upon him that caused Dias to be injured. Specifically, a reasonable jury could conclude that Dias would not have been injured but for the defendants' conduct and that the defendants' conduct was a substantial factor leading to Dias's injury. *See Snell v. Norwalk Yellow Cab, Inc.*, 332 Conn. 720, 744-45 (2019) (discussing cause-in-fact and proximate-cause components that must be proved for a negligence claim).

Home Depot points to the fact that Dias was the last person to touch the pile of wood before it fell and cites his deposition testimony that "[o]f course it fell down because I touched it."[14] But Home Depot points to no case law in the premises liability context that recognizes a "last touch" defense to a business invitee's negligence claim against a premises owner. So the fact that Dias was the last person to touch the wood before it fell on him does not automatically

---

[14] Doc. #36-1 at 4. (¶¶ 18-19) (citing Ex. A).

preclude his negligence claim as a matter of law. Nor does the video or other evidence conclusively show that Dias mishandled the wood in a manner that a reasonable person should have expected would cause the wood to fall on him.

The defendants point to other facts that they believe support them. For example, they argue that Dias was an experienced customer who had previously bought large orders of wood. But they do not show that Dias's prior experience relieved them of their duty of care.

The defendants also argue that the pile of wood did not fall when it was transported toward the van on the forklift and did not fall upon Ivy while he was unloading it. These circumstances are relevant but they are not necessarily dispositive and do not compel a conclusion that the wood was safely stacked and positioned so that it must have been primarily Dias's own negligence—rather than Home Depot's negligence—that caused Dias to be injured.

The defendants further insist that the Home Depot employees did not invite or welcome Dias to help them. But—as noted above—Dias claims to the contrary, and at this summary judgment stage of the proceedings, I must view the facts in the light most favorable to Dias.

## CONCLUSION

For the reasons stated above, the Court DENIES the defendants' motion for summary judgment (Doc. #36).

It is so ordered.

Dated at New Haven this 30th day of September 2024.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge